1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LEROY D. MAYBERRY,                          No.  2:15-cv-0818 DB

12              Plaintiff,

13        v.                                     ORDER

14   NANCY A. BERRYHILL, Acting
     Commissioner of Social Security,
15

16              Defendant.

17

18        This social security action was submitted to the court without oral argument for ruling on

19   plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1]

20   Plaintiff argues that the ALJ's treatment of medical opinion constitutes error.  For the reasons

21   explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of

22   the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded

23   for further proceedings consistent with this order.

24                          PROCEDURAL BACKGROUND

25        On October 28, 2010, plaintiff was found to have been disabled from May 1, 2006 to

26   January 30, 2009.  (Transcript ("Tr.") at 13, 51-62.)  In April of 2011, plaintiff filed an

27   _____

28   [1]  Both parties have previously consented to Magistrate Judge jurisdiction over this action
     pursuant to 28 U.S.C. § 636(c).  (See Dkt. Nos. 4 & 6.)

                                         1

application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on January 21, 2005.  (Tr. at 13, 152-58.)  Plaintiff later alleged an amended onset date of April 8, 2010.  (Id. at 13.)  Plaintiff's applications were denied initially, (id. at 83-87), and upon reconsideration.  (Id. at 89-92.)  Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on March 15, 2013.  (Id. at 27-45.)  Plaintiff was represented by an attorney and testified at the administrative hearing.  (Id. at 27-28.)

In a decision issued on June 11, 2013, the ALJ found that plaintiff was not disabled.  (Id. at 22.)  The ALJ entered the following findings:

> 1.  The claimant meets the insured status requirements of the Social Security Act through June 30, 2013.
>
> 2.  The claimant has not engaged in substantial gainful activity since April 8, 2010, the alleged onset date (20 CFR 404.1571 *et seq*.).
>
> 3.  The claimant has the following severe impairments: lumbar degenerative disc disease, hypertension, pain disorder and depressive disorder (20 CFR 404.1520(c)).
>
> 4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform unskilled light work as defined in 20 CFR 404.1567(b). He is able to lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk for six hours in an eight-hour day; sit, balance, kneel, crawl, reach, handle, finger and feel without restriction; and climb, stoop and crouch frequently.
>
> 6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
> 7.  The claimant was born on October 7, 1959 and was 50 years old, which is defined as an individual closely approaching advanced age, on the amended alleged disability onset date (20 CFR 404.1563).
>
> 8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
> 9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a

2

framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11.  The claimant has not been under a disability, as defined in the Social Security Act, from April 8, 2010, through the date of this decision (20 CFR 404.1520(g)).

(Id. at 15-22.)

On February 20, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's June 11, 2013 decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on April 16, 2015.  (Dkt. No. 1.)

LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm."  McCartey v. Massanari,  298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step process has been summarized as follows:

////

Step one:  Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled.  If not, proceed to step two.

Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.

Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff asserts that the ALJ's treatment of the medical opinion evidence constituted error.  Specifically, plaintiff challenges the ALJ's treatment of October 11, 2012 opinion of Drs. Stephen Grinstead and Aaron Bowen.  (Pl.'s MSJ (Dkt. No. 11) at 7-15.[2])

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals.  Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).  "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ."  Lester, 81 F.3d at 830.  This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual.  Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894

---

[2]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  (Id. at 831.)  Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'"  Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

**A.  Dr. Stephen Grinstead**

Here, on October 5, 2012, Dr. Grinstead examined plaintiff.  (Tr. at 518.)  Dr. Grinstead's examination revealed that plaintiff "exhibited moderate symptoms of depression," scoring "23/60 on the Beck Depression Inventory . . ."  (Id. at 519.)  Plaintiff also met the "DSM-IV-TR diagnostic criteria for major depressive disorder."  (Id.)  Dr. Grinstead also found that plaintiff met "the criteria for Anxiety Disorder."  (Id. at 520.)  According to Dr. Grinstead, he "would rate at level 6-7 on a 0 to 10 scale" plaintiff's depression and "6/10" plaintiff's anxiety.  (Id.)  Dr. Grinstead also believed that plaintiff needed "additional medication to help manage his neuropathic pain . . . ."  (Id. at 521.)

Although the ALJ's decision discusses Dr. Grinstead's opinion, noting specifically that Dr. Grinstead "diagnosed pain disorder with psychological factors . . . recurrent moderate major depressive disorder . . . anxiety disorder . . . [and] adjustment disorder with mixed anxiety and depressed mood," the ALJ's decision fails to discuss what weight, if any, was assigned to Dr. Grinstead's opinion or how the ALJ's residual functional capacity determination ("RFC"),

1   accounts from Dr. Grinstead's opinion.[3]

2        "The ALJ must consider all medical opinion evidence."  Tommasetti v. Astrue, 533 F.3d

3   1035, 1041 (9th Cir. 2008); see also Robbins v. Social Sec. Admin., 466 F.3d 880, 883 (9th Cir.

4   2006) ("In determining a claimant's RFC, an ALJ must consider all relevant evidence in the

5   record, including, inter alia, medical records, lay evidence, and the effects of symptoms, including

6   pain, that are reasonably attributed to a medically determinable impairment.").  As noted above,

7   the uncontradicted opinion of an examining physician may be rejected only for clear and

8   convincing reasons, while the opinion of an examining physician that is controverted by another

9   doctor may be rejected only for specific and legitimate reasons supported by substantial evidence

10   in the record.  Lester, 81 F.3d at 830-31.

11        **B.  Dr. Aaron Bowen**

12        Plaintiff also challenges the ALJ's treatment of the opinion of Dr. Aaron Bowen.  (Pl.'s

13   MSJ (Dkt. No. 11) at 12-13.)  In this regard, on January 21, 2013, Dr. Bowen completed a

14   "Medical Opinion Re: Ability to Do Work-Related Activities (Physical)" form.  (Tr. at 531-35.)

15   Therein, Dr. Bowen opined that plaintiff's physical ability to function was severely limited in

16   several respects.  The ALJ assigned only "minimal weight to Dr. Bowen's assessment of such

17   significant limitations," concluding simply that Dr. Bowen's opinion was "not supported by

18   objective findings and rather draws inferences from the claimant's history and subjective

19   complaints."  (Id. at 19.)

20        The ALJ's decision, however, failed to explain or support the conclusion that Dr. Bowen's

21   opinion drew inferences from plaintiff's history and subjective complaints.  Moreover,

22            [t]o say that medical opinions are not supported by sufficient
             objective findings or are contrary to the preponderant conclusions
23            mandated by the objective findings does not achieve the level of
             specificity . . . required, even when the objective factors are listed
24            seriatim.  The ALJ must do more than offer his conclusions.  He
             must set forth his own interpretations and explain why they, rather
25            than the doctors', are correct.

26   Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988); see also Tackett, 180 F.3d at 1102

27   ─────────────────
     [3] Nor is it clear to the court how the ALJ's RFC can be reconciled with Dr. Grinstead's opinion
28   that plaintiff suffers from an anxiety disorder.

1   ("The ALJ must set out in the record his reasoning and the evidentiary support for his

2   interpretation of the medical evidence."); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir.

3   1989) ("Broad and vague" reasons for rejecting the treating physician's opinion do not suffice);

4   Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989) ("Here, although the ALJ did attempt to

5   relate the objective findings to Dr. Pettinger's medical opinion, he appears ultimately to have

6   stated that the opinion was not supported by the objective findings.  As we have already

7   discussed, and as our case law clearly establishes, this is not sufficient.").

8          Accordingly, plaintiff is entitled to summary judgment on his claim that the ALJ's

9   treatment of the medical opinions offered by Dr. Grinstead and Dr. Bowen constituted error.

10                                    CONCLUSION

11         With error established, the court has the discretion to remand or reverse and award

12  benefits.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded

13  under the "credit-as-true" rule for an award of benefits where:

14              (1) the record has been fully developed and further administrative
                proceedings would serve no useful purpose; (2) the ALJ has failed
15              to provide legally sufficient reasons for rejecting evidence, whether
                claimant testimony or medical opinion; and (3) if the improperly
16              discredited evidence were credited as true, the ALJ would be
                required to find the claimant disabled on remand.
17

18  Garrison, 759 F.3d at 1020.  Even where all the conditions for the "credit-as-true" rule are met,

19  the court retains "flexibility to remand for further proceedings when the record as a whole creates

20  serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social

21  Security Act."  Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015)

22  ("Unless the district court concludes that further administrative proceedings would serve no

23  useful purpose, it may not remand with a direction to provide benefits."); Treichler v.

24  Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ

25  makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand

26  the case to the agency.").

27         Here, plaintiff argues "that the most appropriate disposition of this case is remand for

28  further proceedings," and the court agrees.  (Pl.'s MSJ (Dkt. No. 11) at 15.)

1     Accordingly, IT IS HEREBY ORDERED that:

2          1.   Plaintiff's motion for summary judgment (Dkt. No. 10) is granted;

3          2.   Defendant's cross-motion for summary judgment (Dkt. No. 12) is denied;

4          3.   The Commissioner's decision is reversed; and

5          4.   This matter is remanded for further proceedings consistent with this order.

6    Dated:  March 10, 2017

7

8                                                  _____

9                                                  DEBORAH BARNES
                                                   UNITED STATES MAGISTRATE JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   DLB:6
     DLB1\orders.soc sec\mayberry0818.ord
27

28

8